IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALEXANDER MILES KILLMAN                                                   PLAINTIFF

     v.    Civil No. 5:17-cv-05090

DEPUTY CASEY KENSINGER;                                                  DEFENDANTS
LIEUTENANT ROBIN HOLT; and
CAPTAIN JEREMY GUYLL

## **OPINION**

Plaintiff, Alexander Miles Killman, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis.* The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

According to the allegations of the complaint (Doc. 1), Deputy Kensinger took the Plaintiff's shoe laces and an air force 1 emblem that went on his shoes and did not "properly put them in my property." The property was lost, and Plaintiff says it cannot be replaced without purchasing a new pair of tennis shoes.

Plaintiff alleges he submitted grievances regarding his lost property, and Lieutenant Holt and Captain Guyll responded that nothing would be done to get his property back. As relief, Plaintiff seeks compensatory and punitive damages as well as the replacement of his property.

## II.   LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fails to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III.   DISCUSSION

The United States Supreme Court has held that a prisoner cannot bring a §1983 claim for the intentional or negligent deprivation of his personal property as long as the State has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff has an adequate post-deprivation remedy because he can bring a claim for conversion against Deputy Kensinger in state court. *See e.g., Elliot v. Hurst*, 307 Ark. 134 (1991) (cause of action for conversion lies where distinct act of dominion exerted over property in denial of owner's right). No claim of constitutional dimension is stated against Deputy Kensinger.

With respect to Lieutenant Holt and Captain Guyll, Plaintiff objects to their responses to his grievances. There is no constitutional right to a grievance procedure. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Similarly, the denial of a grievance does not state a substantive constitutional

2

claim. *Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000), *aff'd*, 3 F. Appx 23 (4th Cir. 2001); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Plaintiff's claim regarding inadequacies in the grievance responses fails.

### IV. CONCLUSION

No plausible claims are stated. The Complaint is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

IT IS SO ORDERED on this 28th day of July, 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE